## *In re* CROSS.

*(District Court, D. Maryland.   June 28, 1884.)*

HABEAS CORPUS — REMOVAL OF PRISONER — TRIAL BY JURY — POLICE COURT OF
    THE DISTRICT OF COLUMBIA.

    The petitioner, a citizen of Maryland, having been committed by a commissioner of the Maryland district for an offense against the law to prevent the sale of lottery tickets in the District of Columbia, an order for his removal to be tried in the police court of that district was refused, and the commissioner directed to take bail requiring him to answer the charge in the supreme court of that district, being a court in which he would be tried by jury.  The fact, that the accused has to be brought from another district to be tried, *held* almost conclusive that the offense charged cannot be of that class to which the constitutional guaranty of trial by jury has been held not to apply.

*Habeas Corpus.*

*A. B. Williams* and *Joseph White,* for petitioner.

*A. Stirling, Jr.,* for the United States.

MORRIS, J.   This is an application to stay the passing of an order of removal, and for a writ of *habeas corpus.*   The petitioner, Cross, a citizen of Maryland, having been charged with being a person who has kept, set up, promoted, and been concerned in a policy lottery or policy shop within the district of Columbia, contrary to the act of April 29, 1878, to prevent the sale of policy or lottery tickets in the District of Columbia, was arrested and brought before Commissioner Rogers, in this district, and, after an examination of witnesses and a hearing before him, was, in default of $1,000 bail to answer the charge before the police court of the District of Columbia, committed to jail by the commissioner.

The petitioner now asks that no order may be passed for his removal to the District of Columbia to answer the charge in the police court, and that he be released.   It is urged on his behalf (1) that the act of congress authorizing the removal of persons charged with crime against the United States provides for their removal for trial before such court of the United States as by law has cognizance of the offense; and it is contended that the police court of the District of Columbia is not a court of the United States, but is a local municipal court of that district for the trial of petty offenses.   (2) That the trial of the petitioner before the police court of that district will be in a manner forbidden by the federal constitution, because the court is held by a judge without a jury, and the offenses are tried therein upon information merely, and that although a right of appeal and retrial is provided in a superior court with a jury, the constitutional right of the petitioner to a trial by jury is not thereby preserved.

These are substantially the grounds urged by the learned counsel for the petitioner.   In support of them, he relies upon *Dana's Case,*

7 Ben. 1, and I am asked to pass upon the important constitutional question with regard to the right of the police court of the District of Columbia to try any person for the offense charged against this petitioner. But this general question is one of such importance and delicacy, that, upon an application for a writ of *habeas corpus,* a single judge should be reluctant to pass upon it, and I do not think this case presents to me that duty.

There is a court of the District of Columbia having cognizance of this offense, with regard to the jurisdiction and constitutionality of which there is no doubt. *The supreme court of that district, sitting in special term for the trial of crimes,* has jurisdiction of all crimes and offenses within that district. It has a grand jury and a petit jury; and none of the objections urged against the constitutionality of a trial of the petitioner in the police court are applicable to it.

Under section 1014 of the Revised Statutes, the removal of the prisoner can be ordered, in default of bail, to any court within the district which, by law, has cognizance of the offense. I shall therefore direct the commissioner to accept bail from the petitioner for his appearance before the supreme court of the District of Columbia, and, in default of bail, to commit him to answer in that court.

I should, perhaps, briefly indicate my reason for refusing to order the petitioner's removal, to be tried by the police court. The declaration of the constitution that the accused shall have a speedy trial by jury is imperative. The only exceptions are crimes and accusations of that class, which, at the time of the adoption of the constitution, were, by the regular course of the law and the established modes of procedure, not the subjects of jury trial. *State* v. *Glenn,* 54 Md. 600. These are found to have been those offenses against police regulations for the protection of society against the vicious, idle, vagrant, and disorderly portion of its members. Such offenses of necessity must be speedily and summarily disposed of, as well for the relief of the offender as of the community. The object to be accomplished is the immediate suppression of the offense, that decency, good order, and morality may be maintained. The police court of the District of Columbia is primarily a court for this purpose. It is held, without a jury, by one judge, learned in the law, but in case of his sickness, absence, or disability either of the justices of the supreme court of the district may designate a justice of the peace to discharge his duties.

Looking, then, to the reason for the exceptions to the constitutional guaranty of trial by jury, it seems to me an almost conclusive presumption that when the alleged offender is not arrested in the community where the offense was committed, when he has to be brought back from another jurisdiction to be tried, or when the charge against him is that, without ever having been present, he has from a distance been concerned in or promoted the offense complained of, then the reason fails, and it is apparent that the offense, at least so far as that

offender is concerned, cannot be one which comes within the above-mentioned class of petty offenses, for the summary suppression of which police regulations are invoked, and to which the constitutional declaration has been held not to apply.